IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| J&M ASSOCIATES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 07-0883-CG-N |
| | ) | |
| MARK CALLAHAN, d/b/a CALLAHAN | ) | |
| FINANCIAL SOLUTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter is before the court on the motion of the United States of America to Quash Third-Party Subpoenas (doc. 130), its Memorandum (doc. 131), defendants' Response (doc. 136) and the government's Reply (doc. 137). The case involves plaintiff's claim arising from unforseen tax consequences of plaintiff's participation in the California Building Supply and Wholesalers and Contractors League Voluntary Employer's Beneficiary Association ("the VEBA"). Plaintiff J&M Associates, Inc., and defendant American General Life Co., Inc., each issued a subpoena to Revenue Agent Raspberry of the Internal Revenue Service, seeking the agent's testimony and production of documents concerning the audit and the determination that plaintiff's contributions to the VEBA were not deductible and the imposition of penalties for the years 2004 and 2005.

The subpoenas seek copies of all documents relating to J&M Associates of Mississippi, Michael Wilks and John Wilks for the 2004 and 2005 tax years, "including legal analyses for failure to comply with IRS Code and/or regulations." Upon plaintiff's written request, the IRS had previously provided copies to plaintiff's counsel of income tax returns and work papers for J&M Associates of Mississippi, Michael Wilks and John Wilks for the 2004 and 2005 tax years.

Anaylsis

The government raises three arguments in support of its Motion to Quash: (1) that the subpoenas were not issued in conformity with the procedures established in 26 C.F.R. §301.9000-2; (2) that the tax privacy provisions of 26 U.S.C. §6103 bar the requested testimony; and (3) that the parties have not demonstrated that the decision of the IRS not to comply with the subpoenas was arbitrary and capricious, as required for this court to overturn that decision. The parties admit that they did not comply with the procedural requirements that they include a summary of testimony sought, an estimate of the time that will be required for the testimony, etc. The parties argue that a supplemental statement–which they have attached as an exhibit to their Response–will make the subpoenas compliant if they are reissued. They propose that the court thus ignore the procedural flaws in the subpoenas which have been served. Presumably, such an order would implicitly or explicitly overrule the government's other arguments prospectively, before such amended subpoenas have been served.

The Supreme Court held that department heads have authority to promulgate regulations restricting employee testimony in private litigation. U.S. ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) (regulation restricting testimony by employees of Justice Department upheld.) "Pursuant to 5 U.S.C. 706(2)(A)[1], the district court could only overturn [the agency's] action if such action

---

[1] That statute provides in pertinent part "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--
...
(2) hold unlawful and set aside agency action, findings, and conclusions found to be--
(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
...
In making the foregoing determinations, the court shall review the whole record or those parts of

was arbitrary, capricious, an abuse of discretion or otherwise contrary to law." Moore v. Armour Pharmaceutical Co., 927 F.2d 1194, 1197 (11th Cir. 1991) (review of Touhy issue on federal subpoena).[2] In reviewing an agency's decision, the court is generally limited to review of the administrative record before the agency at the time the decision was made. Alabama-Tombigbee Rivers Coalition v. Kempthorne, 477 F.3d 125 (11th Cir. 2007).

The parties' approach would have the court review a hypothetical decision–whether or not it would be arbitrary or capricious if the agency were to have denied permission to an agent to testify if it had been called upon to respond to a subpoena that had complied with the procedural requirements of the relevant regulations. This the court can not do. The decision which the court may review was made on the basis of the subpoenas as they were served. The IRS and the parties agree that the subpoenas did not comply with those regulations[3], and thus this court can not find the rejection of those non-compliant subpoenas to have been arbitrary or capricious.

Conclusion

Accordingly, for the reasons set out herein it is hereby ORDERED that the Motion to

---

it cited by a party, and due account shall be taken of the rule of prejudicial error."

[2] For courts in the Eleventh Circuit, precedent is clear on this point. *But see* Watts v. SEC, 482 F.3d 501, 509 [footnote] (D.C. Cir. 2007)(" For reasons explained in the text, we do not believe the APA arbitrary and capricious standard applies when a court reviews an agency's decision not to comply with a federal court subpoena.").

[3] If the parties had not agreed, the agency would have had to have provided the full administrative record on which the decision was made, to allow the court to review the decision under the arbitrary and capricious statute. The IRS did not do so in connection with the instant motion, but the agreement of the parties on this issue negates the need for production of the full record.

Quash is GRANTED.

DONE this the 1st day of March 2010.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**