IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J&M ASSOCIATES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 07-0883-CG-C |
| ) | |
| MARK C. CALLAHAN, d/b/a ) | |
| CALLAHAN FINANCIAL ) | |
| SOLUTIONS, <u>et. al.</u>, ) | |
| ) | |
| Defendants, ) | |
| ) | |

## ORDER OF DEFAULT JUDGMENT

On December 21, 2007, J&M Associates, Inc. ("J&M"), brought a lawsuit against Mark C. Callahan d/b/a Callahan Financial Solutions, Lalat Pattanaik d/b/a I.P.S. Private Advisors, Brady Richardson d/b/a Richardson Consultants, J. Michael Mangawang, Fredrick A. Romero, and American General Life Insurance Company ("AIG") alleging breach of contract, negligence, wantonness, fraud, fraudulent concealment, and civil conspiracy relating to J&M's enrollment in a welfare benefit plan that ultimately led to "huge tax liability and penalties." (Doc. 1). On April 3, 2010, this court entered default against Brady Richardson d/b/a Richardson Consultants, J. Michael Mangawang, and Fredrick A. Romero for failure to plead or otherwise defend the action. (Doc. 47). On June 15, 2010, J&M's claims against Mark Callahan d/b/a Callahan Financial Solutions, Lalat Pattanaik d/b/a I.P.S.

Private Advisors, and Brady Richardson d/b/a Richardson Consultants were dismissed with prejudice. (Docs. 148, 153, & 154). On July 27, 2011, J&M's claims against AIG were dismissed with prejudice, leaving only J. Michael Mangawang and Frederick A. Romero as defendants in this case. (Doc. 238).

This matter is now before the court on J&M's Motion for Default Judgment against Defendants Romero and Mangawang. (Doc. 236). For the reasons enumerated below, the court finds that the Motion is due to be **GRANTED** with respect to entry of default judgment; **GRANTED** with respect to compensatory damages and interest; and **DENIED**, without prejudice, regarding punitive damages.

## a. Default Judgment

The Eleventh Circuit has an established policy of determining cases on their merits and therefore views defaults with disfavor. In re Worldwide Web Systems, Inc., 328 F.3d 1291 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982). Nevertheless, it is no less established that a "district court has the authority to enter default judgment for failure…to comply with its orders or rules of procedure." Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

Pursuant to Federal Rule of Civil Procedure 55(a), an entry of default judgment requires that the defendant fail to appear or otherwise acknowledge the pendency of a lawsuit against him. See also In re Knight, 833 F.2d 1515, 1516 (11th Cir. 1987); Matter of Dierschke, 975 F.2d 181, 184 (5th Cir. 1992); Kidd v.

Andrews, 340 F.Supp.2d 333, 338 (W.D.N.Y. 2004); Viveros v. Nationwide Janitorial Ass'n., Inc., 200 F.R.D. 681, 684 (N.D. Ga. 2000). In the instant case, both Mangawang and Romero returned signed Waiver of Service forms to plaintiff's counsel on February 8, 2008 (Doc. 14), and February 21, 2008 (Doc. 18), respectively. Neither defendant has since answered the Complaint or otherwise defended the action, and therefore, this prerequisite of an entry of default judgment has been met.

Courts also generally require that some notice be given to a defendant between the time of service of process and an entry of default judgment. See, e.g., International Brands USA, Inc. v. Old St. Andrews, Ltd., 349 F.Supp.2d 256, 261 (D.Conn. 2004); F.T.C. v. 1263523 Ontario, Inc., 205 F.Supp.2d 205, 208 (S.D.N.Y. 2002); New York State Teamsters Conference Pension and Retirement Fund v. Fratto Curbing Co., 875 F.Supp. 129, 131 (N.D.N.Y. 1995). Here, J&M gave notice to Mangawang and Romero of its efforts to secure a default, as evidenced by the certificates of service attached to J&M's Motions for Default (Doc. 44 and Doc. 45). Also, the Clerk of the Court mailed a copy of the Clerk's Entry of Default (Doc. 47) to Mangawang and Romero at their addresses of record. Thus, this requirement for an entry of default has been met.

Finally, an entry of default judgment also requires a valid complaint which properly states a claim upon which relief can be granted. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997). The court's review of the Complaint confirms that it does indeed assert detailed facts against Mangawang

and Romero sufficient to state claims for negligence (as to Mangawang only), wantonness, fraud, fraudulent concealment, and civil conspiracy. Kinsey v. King, 257 Fed. Appx. 136, 139 (11th Cir. 2007) (stating the elements of a claim for negligence); see Ala. Code §6-11-20 (b)(3) (defining wantonness); Austin v. Global Connection, 303 Fed. Appx. 750, 752 (11th Cir. 2008) (stating the elements of a claim for fraud); Eaton v. Keith, 154 Fed. Appx. 844, 848 (11th Cir. 2005) (defining fraudulent concealment); United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers International Union AFL-CIO-CLC v. Wise Alloys, LLC, 642 F.3d 1344, 1351 (11th Cir. 2011) (discussing requirements to allege civil conspiracy in Alabama). The legal effect of Mangawang's and Romero's default is that they have now admitted the facts recited in the Complaint, which are sufficient to establish their liability to J&M on the theories stated above.

Moreover, because Mangawang and Romero have made no attempt to defend this action in the nearly three years since they waived service of process (Doc. 14 and Doc. 18, supra), and despite notice that J&M was moving forward with default proceedings against them (Doc. 44, Doc. 45, and Doc. 47, supra), Mangawang and Romero's course of conduct amounts to a deliberate and intentional failure to respond, which is just the sort of dilatory litigation tactic for which the default judgment mechanism was created. For these reasons, J&M's Motion is granted as to entry of default judgment. Default judgment will be entered against Mangawang and Romero, in accordance with Fed.R.Civ.P. 55(b)(2).

4

## b. Damages

The entry of default judgment does not obviate the need for determinations of the amount and character of damages. Federal Rule of Civil Procedure 55(b)(2) provides for hearings "to determine the amount of damages, [or] to establish the truth of any averment by evidence, or to make an investigation of any other matter." However, the Federal Rules do not mandate a hearing, and it may even be omitted if all essential evidence is already in the record. S.E.C. v. Smyth, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005). Where the amount of damages sought is a sum certain, no evidentiary hearing is necessary. See Chudasama, 123 F.3d at 1364 n. 27.

Here, J&M requests that the court enter judgment in the amount of $1,280,000.00 in compensatory damages, $430,201.70 in interest, and $1,000,000.00 in punitive damages.

The court finds that a hearing pursuant to Fed.R.Civ.P. 55(b)(2) is not necessary with respect to compensatory damages and interest because J&M has met its evidentiary burden and because the amount sought is for a sum certain. Virgin Records America, Inc. v. Lacey, 510 F.Supp.2d 588, 593 (S.D. Ala. 2007). J&M has shown through affidavits in the record that it made contributions of $1,260,000.00 in premiums for life insurance policies to fund the VEBA Plan at issue in this case. (Doc. 236-1). The total interest accrued on this principal amount, at 6% interest over a period of 67 months, beginning January 1, 2006, and running

through July 31, 2011, is $422,100.00.[1]  Id.  Additionally, the record shows that J&M owes $20,000.00 to the Internal Revenue Service ("I.R.S.") for penalties assessed against it under 26 U.S.C. § 6707A.  Id.  J&M owes the I.R.S. $8,101.79 in interest accrued on the $20,000 penalty.  Id.  Accordingly, the total amount of compensatory damages, plus interest, to which J&M is entitled is $1,710,201.70.  J&M's Motion is granted as to this sum certain.

The same cannot be said with regard to punitive damages, however.  J&M cites federal and Alabama caselaw regarding wantonness to support its argument that punitive damages of $1,000,000.00 are appropriate.  However, the cases cited have wholly inapposite factual backgrounds from the instant case, covering subject matter such as physical injury and death at racetracks and railroad crossings, and in parking lots.  See Rommell v. Automobile Racing Club of America, Inc., 964 F.2d 1090 (11th Cir. 1992); Borden v. CSX Transportation, Inc., 843 F.Supp. 1410 ( M.D. Ala. 1993); Hamme v. CSX Transportation, Inc., 621 So.2d 281 (Ala. 1993); Kennedy v. Jack Smith Enterprises, Inc., 619 So.2d 1326 (Ala. 1993).  The court notes that punitive damages were not awarded in any of the these cited cases -- which in any event do not shed light here, where the facts of the case concern fraudulent investment, insurance, and tax advice.

Based upon its Motion alone, J&M has not convinced the court that punitive damages of $1,000,000.00 are appropriate without an evidentiary hearing.

---

[1] "Where no written contract controls the interest rate, as in this case, the legal rate of pre-judgment interest is six percent per annum."  Rhoden v. Miller, 495 So.2d 54, 58 (Ala. 1986).

Accordingly, J&M's Motion is denied, without prejudice, with regard to punitive damages only. If it chooses, J&M may request an evidentiary hearing on the matter pursuant to Fed.R.Civ.P. 55(b)(2) no later than September 14, 2011.

**DONE and ORDERED** this 31st day of August, 2011.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE